**UNITED STATES of America, Appellee,**

v.

**Ahmed EL–GHEUR, Defendant–Appellant.**

**No. 99–1158.**

United States Court of Appeals, Second Circuit.

Argued: Dec. 6, 1999

Decided: Jan. 21, 2000

Ronald L. Kuby, New York, N.Y. (Daniel M. Perez, of counsel), for Defendant–Appellant.

Marc L. Greenwald, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney for the Southern District of New York and Gary Stein, Assistant United States Attorney for the Southern District of New York, of counsel), for Appellee.

Before: WALKER, CABRANES, and PARKER, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge:

Defendant Ahmed El–Gheur appeals from a judgment of conviction and sentence, entered March 11, 1999, in the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge* ). After entering a guilty plea in November 1991, El–Gheur absconded and was a fugitive for several years, eventually surrendering to the United States Marshals Service in May 1998. On appeal, defendant claims that the government breached a cooperation agreement by negligently botching an undercover operation in which he was participating, thereby preventing him from providing substantial assistance in the investigation or prosecution of other narcotics dealers. On that basis, he seeks to withdraw his guilty plea, or, alternatively, to compel the government to file a motion under § 5K1.1 of the Sentencing Guidelines[1] ("Guidelines") recommending a downward departure for substantial assistance on his behalf. We hold that El–Gheur forfeited any right he may have had to these or other remedies when he jumped bail and absconded and, accord-

---

**1.** Section 5K1.1 provides in relevant part:
Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
The provision then lists several factors that a court may consider in determining the appropriate reduction. U.S.S.G. § 5K1.1.

ingly affirm the judgment of the District Court.

## I.

The facts set forth below are drawn from the record on appeal and are undisputed except where otherwise stated. On April 3, 1991, El–Gheur was arrested and charged, in a two-count indictment, with possessing with intent to distribute and with conspiring to distribute heroin. On November 12, 1991, before Judge John M. Cannella, El–Gheur pleaded guilty to both of these counts without benefit of a plea agreement. Eight days later, on November 20, 1991, El–Gheur signed a cooperation agreement with the government. The agreement had been under negotiation when he entered his plea, but as both the government and the defendant acknowledged at the plea hearing, it was unclear at that time whether an agreement actually would materialize. The November 20 cooperation agreement provided, *inter alia*, that the government would file a § 5K1.1 motion for a downward departure if El–Gheur provided substantial assistance in the investigation or prosecution of others. The cooperation agreement also required that "El–Gheur must at all times give complete, truthful, and accurate information and testimony and must not commit any further crimes whatsoever."

Nearly one year later, on November 1, 1992, after the case apparently was reassigned to Judge Sand, the government informed the District Court by letter that it would not file a motion pursuant to § 5K1.1 on El–Gheur's behalf because El–Gheur had not provided substantial assistance in the investigation or prosecution of

others. The government's letter explained that El–Gheur had offered information about two separate groups of heroin traffickers, but had failed to assist in an investigation of either group. The letter further stated that El–Gheur's efforts to arrange transactions with other suspected traffickers had proved unsuccessful and that at one point El–Gheur had, without the knowledge or approval of the Drug Enforcement Administration ("DEA"), purchased a heroin sample and provided it to one of the targets of the government's investigations. As a result, the DEA agents who worked with El–Gheur found him to be "untrustworthy and unmotivated."

On receiving a copy of the government's letter, El–Gheur sought neither to withdraw his guilty plea nor to compel the government to file a § 5K1.1 motion. Instead, he jumped bail, failed to appear at his sentencing hearing on November 19, 1992, and became a fugitive. Five-and-a-half years later, in the spring of 1998, the United States Marshals Service learned that El–Gheur was in the New York area and contacted his family. El–Gheur surrendered to the Marshals Service on May 29, 1998.

Following El–Gheur's surrender, the United States Probation Office ("Probation") issued a Presentence Report ("PSR") recommending that El–Gheur be sentenced within a Guidelines range of 97 to 121 months. Probation arrived at this recommendation using a base offense level of 30, and applying a two-level enhancement for obstruction of justice under U.S.S.G. 3C1.1 [2] and a two-level reduction under U.S.S.G. § 5C1.2.[3] Section 5C1.2,

---

2. Section 3C1.1 provides:
   If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

Application note 4(e) of this provision lists "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding" as an example of conduct to which this adjustment should apply.

3. Section 5C1.2 provides in relevant part:
   In the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the

the so-called "safety-valve" provision, was added in 1994, and thus would not have been available to El–Gheur had he appeared for sentencing in 1992.

In January 1999, after unsuccessfully attempting to enter into a new cooperation agreement with the government, El–Gheur moved to withdraw his 1991 guilty plea or, in the alternative, to compel the government to move for a downward departure pursuant to § 5K1.1 of the Guidelines. El–Gheur also moved for a downward departure based on assistance to the government pursuant to § 5K2.0 of the Guidelines.[4] Specifically, he claimed that it was the government's "negligence" in exposing his identity to the targets of the 1992 investigation which had prevented him from providing substantial assistance, and that the government's decision not to file a § 5K1.1 motion thus constituted a breach of the cooperation agreement, entitling him either to withdraw his plea or to receive a downward departure for substantial assistance. The government disputed El–Gheur's factual allegations, but argued that it was unnecessary to resolve this dispute because El–Gheur had forfeited any right he may have had to withdraw his plea or to receive a § 5K1.1 motion when he jumped bail, in violation of his cooperation agreement.

On March 4, 1999, the District Court heard oral argument on the matter and orally denied El–Gheur's motions to withdraw his guilty plea and to compel the government to file a § 5K1.1 motion. The Court also refused to grant a downward departure based on El–Gheur's asserted cooperation under § 5K2.0. In so doing, the Court noted that much of the defendant's argument in favor of a § 5K2.0 de-

parture "relates to the same grounds on which [defendant] argue[s] that the court should have compelled the government to make a motion pursuant to 5K1[.1]," and that "generally [a] § 5K2 [departure] has no application at sentencing where the basis for defendant's motion has been considered and rejected by the government as a basis for [a] 5K1.1 downward departure." However, the Court did grant El–Gheur both a § 5K2.0 departure based on the injuries he claimed he and his wife had suffered in retaliation for their efforts to cooperate with the government, and a two-level departure under the § 5C1.2 "safety-valve" provision described above. Thus, on March 10, 1999, the Court sentenced El–Gheur principally to 78 months of imprisonment, rather than the recommended 97 months. This timely appeal followed.

## II.

■ El–Gheur contends that the government breached its cooperation agreement with him by refusing to file a § 5K1.1 motion on his behalf, and that this breach should entitle him to withdraw his guilty plea, or in the alternative, to compel specific performance—*i.e.*, the filing of a § 5K1.1 motion—by the government. We disagree. Even assuming, *arguendo*, that El–Gheur might at one point have been entitled to withdraw his plea or to compel the government's performance, El–Gheur forfeited any such rights when he jumped bail and became·a fugitive, in violation of the express terms of his cooperation agreement. We have held, in *United States v. Resto*, 74 F.3d 22, 27 (2d Cir. 1996), that a defendant who breaches his cooperation agreement by lying to federal

court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5). . . .

4.  Section 5K2.0 provides in relevant part:
    [T]he sentencing court may impose a sentence outside the range established by the

applicable guidelines, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."
U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)).

**94**

agents about his criminal history absolves the government of the obligation to file a § 5K1.1 motion. Similarly, the Fourth Circuit, in *United States v. David*, 58 F.3d 113 (4th Cir.1995), has held that the government's obligation to file a § 5K1.1 motion on behalf of a defendant who has rendered substantial assistance terminates when the defendant jumps bail and fails to appear for sentencing. *See id.* at 115. Consistent with these decisions, we hold that by absconding, El–Gheur forfeited any rights he arguably may have had based on his cooperation agreement with the government.

■ Accordingly, we need not address the merits of El–Gheur's motion to withdraw his plea or his motion to compel the filing of a § 5K1.1 motion on his behalf. We do, however, address the merits of El–Gheur's motion, under § 5K2.0, for a departure based on substantial assistance. Although the District Court granted El–Gheur a downward departure under § 5K2.0 based on the injuries he and his wife allegedly received in retaliation for cooperating with the government, El–Gheur challenges the Court's refusal to grant him an additional downward departure under § 5K2.0 for his purported assistance to the government. It is well established, however, that a District Court may grant a downward departure under § 5K1.1 based on substantial assistance to the government in an investigation or prosecution only upon motion by the government. *See, e.g., United States v. Agu*, 949 F.2d 63, 67 (2d Cir.1991); *United States v. Khan*, 920 F.2d 1100, 1106–07 (2d Cir.1990). Section 5K2.0 permits departures only when "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into account by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *Khan*, 920 F.2d at 1107 (internal quotation marks omitted). Yet the "very existence of § 5K1.1 demonstrates that the sentencing

commission clearly considered the question of whether assistance to the government should be taken into account." *Id.* (citing *United States v. Reina*, 905 F.2d 638, 641 (2d Cir.1990)). Accordingly, we find no merit in El–Gheur's claim that the District Court should have exercised its discretion under § 5K2.0 to grant him the substantial assistance departure he was unable to obtain through the usual channel of § 5K1.1.

## CONCLUSION

For the reasons stated above, the judgment and sentence of the District Court are affirmed.