■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLER, Appellant. [718 NYS2d 627] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Kron, J.), imposed October 29, 1999, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed.

The defendant knowingly, intelligently, and voluntarily waived, without limitation, the right to appeal his conviction and sentence (*see, People v Moissett,* 76 NY2d 909; *People v Seaberg,* 74 NY2d 1). Since the defendant was informed of the maximum sentence which would be imposed pursuant to the plea agreement, his general waiver of his right to appeal encompasses his claim that the agreed-upon sentence, which was, in fact, imposed, was excessive (*see, People v Lococo,* 92 NY2d 825; *People v Brathwaite,* 263 AD2d 89). Ritter, J. P., Sullivan, Goldstein and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRITTO MORENO, Appellant. [718 NYS2d 628] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 26, 1998, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to object to the Supreme Court's *Sandoval* ruling (*see, People v Sandoval,* 34 NY2d 371) and, therefore, his present contention is not preserved for appellate review (*see, People v Penafiel,* 247 AD2d 411). In any event, the defendant's claim is without merit.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Altman, Friedmann and Krausman, JJ., concur.