◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ARELLANO, Appellant. [721 NYS2d 811] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ambrosio, J.), rendered September 24, 1999, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, intelligently, and voluntarily waived, without limitation, the right to appeal his conviction and sentence (*see, People v Seaberg,* 74 NY2d 1; *People v Miller,* 278 AD2d 434; *People v Espinal,* 277 AD2d 464; *People v Brathwaite,* 263 AD2d 89). The defendant's waiver of his right to appeal encompasses his claim that he was entitled to a more lenient sentence because of an alleged cooperation agreement which does not appear on the record of the plea allocution. Even if his claim were not encompassed by the waiver, under the facts of this case the Supreme Court properly decided not to recognize the alleged cooperation agreement, denied the defendant's motion to withdraw his plea, and sentenced the defendant in accordance with the plea placed on the record (*see, People v Huertas,* 85 NY2d 898; *People v Curdgel,* 83 NY2d 862; *Matter of Benjamin S.,* 55 NY2d 116, 121; *People v Watford,* 239 AD2d 367; *see also, United States v El-Gheur,* 201 F3d 90). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.