**UNITED STATES of America,**
**Appellee,**

v.

**Maximo Cabral GENAO, Defendant–**
**Appellant.**

**Docket No. 01–1451.**

United States Court of Appeals,
Second Circuit.

July 18, 2002.

---

**1.** Because Hyperlaw did not link that motion to any specific costs, the District Court did not make such a finding.

Edward V. Sapone, N.Y., N.Y., for Appellant.

Eric B. Bruce, Ass't U.S. Att'y, SDNY, N.Y., N.Y., for Appellee.

Present KEARSE, McLAUGHLIN, Circuit Judges, and GEORGE B. DANIELS, District Judge.*

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the conviction and sentence be and they hereby are affirmed, and the matter is remanded for correction of a clerical error in the judgment.

Defendant Maximo Cabral Genao appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before John S. Martin, *Judge*, convicting him of distributing more than 1.5 kilograms of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and sentencing him principally to 324 months' imprisonment, to be followed by a five-year term of supervised release. On appeal, Genao argues principally that the district court erred (1) in refusing to compel the government to move for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines ("Guidelines") on the ground of Genao's substantial cooperation with the government, and (2) in denying his request for a downward departure. Finding no basis for reversal, we affirm; but we remand to the district court for correction of an error in the written judgment.

---

* Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

We reject Genao's contention that the district court was required to order the government to make a § 5K1.1 motion. Genao provided information to the government pursuant to his cooperation agreement, leading to the convictions of many other defendants, and was released on bail in order to assist the government in obtaining evidence for additional cases by participating in taped telephone calls or negotiating narcotics transactions. However, Genao provided no such assistance to the government following his release. Rather, he jumped bail, a clear violation of his cooperation agreement, which forbade him to commit additional crimes, and he remained a fugitive in the Dominican Republic for some six years. Given Genao's breach of the cooperation agreement, it was well within the government's prerogative to refuse to make a § 5K1.1 motion. Genao's contention that the only penalties that could be imposed on him were the criminal prosecutions expressly adverted to in the cooperation agreement is without merit. *See, e.g., United States v. El–Gheur*, 201 F.3d 90, 93 (2d Cir.2000) ("Even assuming, *arguendo*, that [the defendant] might at one point have been entitled ... to compel the government's performance, [he] forfeited any such rights when he jumped bail and became a fugitive, in violation of the express terms of his cooperation agreement."). Although the defendant in *El–Gheur* had not provided any assistance to the government, whereas Genao had provided substantial information prior to jumping bail, that distinction does not affect the normal principle that a contracting party who materially breaches the agreement is not entitled to compel specific performance by the other party.

Genao's contention that the district court abused its discretion in denying him a downward departure is not a proper subject for appeal. A district court's decision not to depart from the Guidelines is not reviewable on appeal unless the court has misapplied the Guidelines, imposed an illegal sentence, or misapprehended its departure authority under the Guidelines. *See, e.g., United States v. Brown*, 98 F.3d 690, 692 (2d Cir.1996) (per curiam); *United States v. Haynes*, 985 F.2d 65, 68 (2d Cir.1993). Although Genao argues that the court failed to understand its authority to depart on the grounds urged by Genao, the record does not support that argument. None of the court's statements indicates a belief that a departure on such grounds was never permissible, and toward the end of the sentencing hearing the court made it explicit that it was simply choosing not to exercise its discretion to depart on any of the grounds urged by defense counsel. Accordingly, the court's refusal to depart is not reviewable on appeal.

Finally, we note that the written judgment of conviction entered against Genao contains an error. The judgment recites that Genao was convicted of "Conspiracy to distribute cocaine," in violation of "21 USC 846." The parties agree that he pleaded guilty to a superseding indictment that charged him not with conspiracy but with the substantive offense of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The record indicates that the parties are correct and the offense of conviction is distribution rather than conspiracy. Accordingly, we instruct that the district court enter a corrected judgment accurately reflecting the offense of which Genao was convicted.

We have considered all of Genao's contentions that are properly before us and have found them to be without merit. The conviction and sentence are affirmed; the matter is remanded for the entry of a corrected judgment.