66

**UNITED STATES of America,**
**Appellee,**

v.

**Quinton CARMON, Defendant–**
**Appellant.**

No. 06–0165–cr.

United States Court of Appeals,
Second Circuit.

May 2, 2007.

Joseph Karaszewski, Assistant United States Attorney (Stephan J. Baczynski, Assistant United States Attorney on the brief), for Terrance P. Flynn, United States Attorney, Western District of New York, Buffalo, NY, for Appellee.

Donald M. Thompson, Rochester, NY, for Defendant–Appellant.

Present: AMALYA L. KEARSE and ROSEMARY S. POOLER, Circuit Judges, RICHARD MILLS,* District Judge.

### SUMMARY ORDER

Defendant-appellant Quinton Carmon ("Carmon") appeals the sentence imposed by the district court following a plea of guilty and the defendant's flight before sentencing. Carmon argues that his flight is not a sufficient basis for declaring him to have breached the plea agreement and relieving the government of its obligations under the agreement with respect to departure motions and recommendations with regard to the sentence to be imposed. Although the government had moved for a downward departure pursuant to U.S.S.G. § 5K1.1, the government was allowed by the district court, after Carmon absconded, to withdraw that motion and to urge that the calculation of Carmon's sentence include an upward adjustment for obstruction of justice pursuant to U.S. S.G. § 3C1.1, and that he be denied a downward adjustment for acceptance of responsibility pursuant to U.S. S.G. § 3E1.1(a).

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

"[B]y absconding, [Carmon] forfeited any rights he arguably may have had based on his cooperation agreement with the government." *United States v. El–Gheur*, 201 F.3d 90, 94 (2d Cir.2000); *see id.* at 92 (cooperation agreement provided, inter alia, that the defendant " 'must not commit any further crimes whatsoever.' "). Additionally, "certain conduct, such as intentionally failing to appear as required at judicial proceedings, is so inherently obstructive of the administration of justice that it is sufficient that the defendant willfully engaged in the underlying conduct, regardless of any additional purpose." *United States v. Reed,* 88 F.3d 174, 178 (2d Cir.1996). Accordingly, "[i]t is well-established that by willfully failing to appear for sentencing, a defendant fails to accept responsibility for the offense, regardless of whether there was a plea agreement stipulating credit for the adjustment." *United States v. Loeb,* 45 F.3d 719, 722 (2d Cir. 1995).

Finally, this court has previously rejected the argument that "the exchange for drugs of firearms ... [is] not sufficiently related" to the possession of that firearm, for the purposes of the applicability of the adjustment of the guideline levels contemplated by U.S.S.G. § 2K2.1(b)(5). *United States v. Shepardson,* 196 F.3d 306, 314 (2d Cir.1999). As in *Shepardson,* since the firearm's presence is not merely coincidental to the crime of purchasing drugs, the requirement of connection was met. *Id.* at 315. Accordingly, there was no error in the district court's application of the guidelines in the calculation of the advisory guideline range applicable in Carmon's case.

We have considered the defendant-appellant's arguments, and find them to be without merit. Accordingly, we **AFFIRM.**