**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-1342

EDMUND F. BROADLEY III,

Plaintiff, Appellant,

v.

WILLIAM A. HARDMAN III,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Lipez, Selya and Howard,
Circuit Judges.

Edmund F. Broadley III on brief pro se.
William A. Hardman III on brief pro se.

December 10, 2008

**Per Curiam**. We affirm the judgment substantially for the reasons enumerated in the magistrate-judge's Report and Recommendation dated February 25, 2008, which the district judge adopted in a March 10, 2008 Memorandum and Order. We add only the following comments.

This pro se appeal involves a 42 U.S.C. § 1983 action prompted by events occurring in state court. A company owned by plaintiff Broadley brought suit there against an individual represented by defendant Hardman, a Rhode Island attorney. Plaintiff subsequently filed this federal action against the attorney directly, complaining of interference with plaintiff's legal representation and abuse of the deposition process. To set forth a § 1983 claim, one must allege "interference with a constitutionally-protected right" by someone "acting under color of state law." Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986) (per curiam). Applying Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1 (1st Cir. 2005), and related cases, the district court dismissed on the ground that state action had not been established.

In disputing this finding, plaintiff points to the fact that defendant issued a subpoena in the name of the state of Rhode Island commanding him to appear at a pretrial deposition. We agree with the district court that defendant's use of this procedural device did not transform him into a state actor, at least absent

-2-

any allegation that state officials were used to enforce the process. See, e.g., Hahn v. Star Bank, 190 F.3d 708, 717 (6th Cir. 1999) (disavowing contrary holding in Timson v. Weiner, 395 F. Supp. 1344 (S.D. Ohio 1975)); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 278 (3d Cir. 1999) (holding that "an attorney does not become a state actor simply by employing the state's subpoena laws"; distinguishing between "resorting to an available state procedure and actually using state officials to enforce or carry out that procedure"); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983) ("If an attorney does not become a state actor merely by virtue of instigating state court litigation, [citing Lugar v. Edmonson Oil Co., 457 U.S. 922, 939 n.21 (1982)], then the attorney does not become a state actor merely by employing state authorized subpoena power."). Plaintiff has offered no meaningful rebuttal to this line of authority.

The fact that defendant signed and issued the subpoena in his capacity as a notary public does not call for a different result.[1]  Had the subpoena been obtained from the clerk of court, the above-cited cases demonstrate that state action would be

---

[1]  Rhode Island law provides that a subpoena may be issued by "the clerk of court or a notary public or other officer authorized by statute." Super. Ct. R. Civ. P. 45(a)(1)(A); see also R.I. Gen. Laws § 9-17-3. Notaries public are appointed by the governor for four-year terms, see id. § 42-30-3, and members of the Rhode Island bar automatically qualify for appointment upon application, see id. § 42-30-5(c). We take judicial notice of these provisions. Lamar v. Micou, 114 U.S. 218, 223 (1885).

-3-

absent.[2] The outcome cannot differ just because a notary public is instead used. By itself, the issuance of a subpoena, whether by a court clerk or a notary public, lacks "consequences significant enough" to amount to state action. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1255 (3d Cir. 1994). It "does not rise to the level of a significant contribution of the state," but rather is "one step removed." Bochetto v. Labrum & Doak, L.L.P., 1997 WL 560191, at *5 (E.D. Pa. 1997). Indeed, it is noteworthy that the "mere invocation of state legal procedures" is insufficient to create state action, Lugar, 457 U.S. at 939 n.21; accord, e.g., Casa Marie, Inc. v. Superior Court, 988 F.2d 252, 259 (1st Cir. 1993) ("something more than mere resort to a state court is required"), even though such "invocation" normally entails the involvement of state court personnel.

Plaintiff's remaining arguments can be summarily dispatched. The fact that defendant was not serving as plaintiff's counsel has no particular relevance to the state action inquiry. Plaintiff's reliance on Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), is misplaced, since Bivens actions can only be brought against "federal agent[s] acting under color of federal law." DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008). We also

---

[2] In Pennsylvania, for example, only a clerk of court (called a "prothonotary") can issue a subpoena. See Pa. R. Civ. P. 234.2(a). Yet the Third Circuit in Angelico found that such process entailed no state action.

-4-

note that, contrary to plaintiff's assertion, the district court made no finding that he had alleged sufficient facts to establish the deprivation of a federal right; the court simply did not address that prong of the § 1983 inquiry.  Dismissal likely could have been predicated on this alternative ground as well--it is difficult to detect any constitutional violation based on the facts alleged--but that matter need not be explored since the lack of state action provides an adequate basis for decision.

Affirmed.