14-1693-cr
United States of America v. Workman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of March, two thousand fifteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                            14-1693-cr

CRAIG LEE WORKMAN,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Barclay T. Johnson, Research and Writing Attorney, Federal
                             Public Defender, District of Vermont, (David L. McColgin,
                             Assistant Federal Public Defender, Michael L. Desautels, Federal
                             Public Defender, *on the brief*), Burlington, VT.

Appearing for Appellee:      William B. Darrow, Assistant U.S. Attorney (Gregory L. Waples,
                             Assistant U.S. Attorney, Tristram J. Coffin, U.S. Attorney for the
                             District of Vermont, *on the brief*), Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Murtha, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Craig Lee Workman appeals from the May 1, 2014 judgment of the United States District Court for the District of Vermont (Murtha, *J.*) sentencing him principally to 60 months' imprisonment following his plea of guilty to conspiring to defraud the United States by filing fraudulent claims, in violation of 18 U.S.C. § 286. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Workman argues that the district court abused its discretion in refusing to grant a downward sentencing departure under U.S.S.G. § 5H1.4 where its decision was based on an erroneous and unsupported notion that the Bureau of Prisons ("BOP") could adequately address Workman's physical disabilities.

As an initial matter we must decide whether we have jurisdiction to review this claim. While "a refusal to downwardly depart is generally not appealable," *United States v. Cuevas*, 496 F.3d 256, 268 (2d Cir. 2007) (internal quotation marks omitted), an exception to the presumption of nonreviewability arises "where the defendant shows . . . that the Guidelines were misapplied," *United States v. Scott*, 387 F.3d 139, 143 (2d Cir. 2004) (internal quotation marks omitted). A district court misapplies the Guidelines where the sentence imposed is, inter alia, "based on clearly erroneous factual findings concerning offender/offense levels, characteristics or adjustments." *United States v. Adeniyi*, 912 F.2d 615, 619 (2d Cir. 1990) (internal quotation marks omitted). Because Workman challenges the refusal to grant a downward departure on the basis of an erroneous offender characteristic finding, we review the district court's decision.

Even if we were to agree that the district court erred in its discussion of the capability of the BOP to address his physical condition, Workman has not established that he is entitled to a downward departure. We place this burden on the defendant because "[t]he general presumption is that the defendant's circumstances are not unusual enough to justify departure." *United States v. Leiva-Deras*, 359 F.3d 183, 193 (2d Cir. 2004). Section 5H1.4 "restricts departures based on physical condition to defendants with an 'extraordinary physical impairment,' such as those which render a defendant 'seriously infirm.'" *United States v. Altman*, 48 F.3d 96, 104 (2d Cir. 1995) (quoting U.S.S.G. § 5H1.4). As such the standard for a downward departure is "strict." *United States v. Persico*, 164 F.3d 796, 806 (2d Cir. 1999). In his pre-sentencing memorandum, letter to the court, and through counsel at the sentencing hearing Workman asserted that he required a prosthesis and accompanying physical therapy, but he failed to present any medical evidence to document the seriousness of his condition or the extent of his treatment needs. Accordingly, his contentions lacked the "minimal indicium of reliability beyond mere allegation" to ensure the accuracy of factual matters considered as a basis for sentencing. *United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007) (internal quotation marks omitted). Indeed, the district court would have abused its discretion had it granted a downward departure to Workman on the basis of unsupported conjecture that the BOP could not or would not provide him sufficient care. *See United States v. Cutler*, 520 F.3d 136, 175 (2d Cir. 2008), *called into question on other grounds by United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008).

Workman next contends that his sentence was substantively unreasonable because the district court assigned undue weight to its belief that the BOP would provide Workman

appropriate care and failed adequately to consider that, as a double amputee, Workman would be subject to exploitation by other inmates.

Challenges to the substantive reasonableness of a criminal sentence are reviewed under a "deferential abuse-of-discretion standard." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). Our inquiry "focuses on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)." *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir. 2008). While we "may consider whether a factor relied on by a sentencing court can bear the weight assigned to it," we are not to substitute our judgment for that of the district court. *Cavera*, 550 F.3d at 191. Where the sentence is reasonable, generally "we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009) (internal quotation marks omitted). A sentence will be set aside as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We conclude that Workman's sentence was not substantively unreasonable. In rejecting a downward departure based on Workman's physical condition, and imposing a within-Guidelines sentence, the district court carefully considered the § 3553(a) factors, citing, among other considerations: (1) the serious nature of Workman's tax fraud scheme, including the number of victims; (2) his extensive criminal history; (3) that Workman's injuries had not impeded his commission of additional offenses; and (4) the need for a sentence to provide specific deterrence and to protect the public. As we have already noted, Workman failed to present evidence with sufficient indicia of reliability to establish the severity of his infirmity and scope of his medical needs. Considering the totality of circumstances, we cannot say that the sentence imposed by the district court fell outside "the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We have considered the remainder of Workman's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk