22-2013-cr
*United States v. Shue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNIS JACOBS,
> GUIDO CALABRESI,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 22-2013-cr

ERIC BARBOUR, AKA E, MICHAEL REDD,

> *Defendants*,

PETER SHUE,

> *Defendant-Appellant*.

---

For Appellee:                         MICHAEL R. MAFFEI and ANTHONY BAGNUOLA, Assistant United States Attorneys, *on behalf of* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:     JEREMY GUTMAN, Attorney for the Appellant, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** and the case is **REMANDED** for further proceedings consistent with this summary order.

Defendant-Appellant, Peter Shue, appeals from a judgment revoking his supervised release entered on September 9, 2022, in the United States District Court for the Eastern District of New York (Seybert, *J.*). Shue admitted that he violated a condition of supervision by being convicted of a crime in state court. For this violation, the district court sentenced Shue principally to six months' imprisonment. On appeal, Shue argues that his sentence is procedurally and substantively unreasonable because the district court did not meaningfully address his medical needs and imposed a custodial sentence despite the Bureau of Prisons' ("BOP") inability to provide adequate treatment. Shue also contends that a remand is necessary to correct an error in the written judgment which misidentifies the specific violation to which Shue pleaded. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to **AFFIRM** and to **REMAND** to the District Court with instructions to correct the written judgment.

2

## I. Procedural Reasonableness

"Sentences for violations of supervised release are reviewed under 'the same standard as for sentencing generally: whether the sentence imposed is reasonable.'" *United States v. Ortiz*, 100 F.4th 112, 119-20 (2d Cir. 2024) (quoting *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018)). But when a defendant fails to object to the procedures followed at sentencing, "we will ordinarily consider any later objections forfeited on appeal unless the defendant can meet the plain-error standard." *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023) (citing *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007)). Because Shue did not object at sentencing, we review only for plain error.

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 65-66 (2d Cir. 2020) (internal quotation marks and citation omitted). Shue contends that the district court erred by failing adequately to consider one of the § 3553(a) sentencing factors, namely "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care." 18 U.S.C. § 3553(a)(2)(D).

While a district court is not required to "refer specifically to every factor in section 3553(a)," *United States v. Goffi*, 446 F.3d 319, 321 (2d Cir. 2006), the record reveals that the district court did in fact consider Shue's medical needs here. Defense counsel detailed

3

Shue's health issues in a presentence memorandum and again in her remarks before the district court in arguing for a noncustodial sentence. In imposing a sentence at the low end of the advisory Guidelines range, the district court acknowledged that Shue has "significant medical conditions" and explained that "it's with a great deal of sympathy for [Shue] that I don't impose a higher sentence." App'x at 57. In light of Shue's offense conduct, recidivism, and lack of remorse, the district court determined that a custodial sentence was necessary to promote "some respect for the issues here." App'x at 58. The district court assured Shue that he would be designated to a BOP facility "obligated to provide appropriate medical care." App'x at 60.

Shue argues that the district court's conclusion was procedurally unreasonable because "[n]othing was presented to rebut counsel's assertion that the Bureau of Prisons is not able to effectively deal with his medical condition." Defendant-Appellant's Br. at 13 (internal quotation marks omitted). But it is Shue who bears the burden of establishing that his treatment needs are beyond the capacity of the BOP. *United States v. Workman*, 602 F. App'x 13, 15 (2d Cir. 2015) (summary order) ("We place this burden on the defendant because '[t]he general presumption is that the defendant's circumstances are not unusual enough to justify departure.'" (quoting *United States v. Leiva–Deras*, 359 F.3d 183, 193 (2d Cir. 2004))). We cannot say that the district court clearly erred when all Shue offered were conclusory allegations that the BOP was incapable of providing for his treatment needs. *See United States v. Watts*, 301 F. App'x

4

39, 40, n.1 (2d Cir. 2008) (summary order) (finding that the district court did not err in failing to hold a hearing *sua sponte* inquiring into BOP's ability to meet defendant's medical needs when the defendant only offered conclusory allegations that BOP lacked appropriate treatment capacity); *Workman*, 602 F. App'x at 15 ("[T]he district court would have abused its discretion had it granted a downward departure to [the defendant] on the basis of unsupported conjecture that the BOP could not or would not provide him sufficient care.").

## II.     Substantive Reasonableness

Shue also argues that any custodial sentence is substantively unreasonable in light of the health risks he faces in prison.   "Review for substantive reasonableness requires that we consider 'the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion and bearing in mind the institutional advantages of district courts.'"   *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quoting *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016)).   Sentences are "reverse[d] for substantive unreasonableness only when the trial court's sentence cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and citation omitted).

The record reflects that Shue does indeed have serious health complications. Principal among them is his diagnosis for myasthenia gravis—an autoimmune disorder that causes a breakdown between the nerves and muscles.   The condition causes Shue to experience "muscle weakness, difficulty swallowing, and difficulty breathing."

5

App'x at 62. Shue "requires ongoing treatment to prevent [his symptoms] from getting worse." *Id.* Shue contends that his myasthenia gravis—along with a variety of other maladies—make any custodial sentence substantively unreasonable.

While Shue's medical condition is serious, it was not substantively unreasonable for the district court to impose a term of imprisonment in this case. Shue's six-month sentence is at the low end of the advisory Guidelines range for his violation. In rejecting a departure based on Shue's medical needs and imposing a within-Guidelines sentence, the district court carefully considered the § 3553(a) factors. According to the violation report, Shue was believed to be a manager in a criminal conspiracy engaged in narcotics distribution, and a search of his apartment revealed distribution quantities of heroin. This conduct occurred while Shue was on supervised release for his role in a major drug trafficking conspiracy. While Shue admitted that he violated the terms of his supervision by being convicted of a state crime, he denied culpability and deflected responsibility for his criminal conduct, instead levying baseless accusations about a "dirty detective" who forced Shue to admit possession of drugs that were not his. Considering the totality of the circumstances and giving deference to the district court, Shue's custodial sentence is not so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

6

### III.    Clerical Error in Written Judgment

At sentencing, Shue pleaded guilty to charge 2 of the violation report, amended orally by the district court to reflect a grade B, rather than a grade A violation. The written judgment incorrectly indicates that Shue pleaded guilty to charge 1. We therefore direct the District Court, on remand, to correct the written judgment so that it accurately reflects that Shue pleaded guilty to charge 2, as amended to be a grade B violation. *See United States v. Genao*, 41 F. App'x 510, 511 (summary order) (remanding to correct the written judgment which erroneously indicated the defendant had pleaded guilty to conspiracy rather than the substantive offense).

*            *            *

We have considered Shue's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED** and the case is **REMANDED** with instructions to correct the written judgment consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7